ACCEPTED
03-14-00304-CV
5454700
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/28/2015 2:35:25 PM
JEFFREY D. KYLE
CLERK

### NO. 03-14-00304-CV

## IN THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/28/2015 2:35:25 PM
JEFFREY D. KYLE
Clerk

### MIKAEL JUDAH AND LAURA JUDAH
*Appellants,*

**v.**

### EMC MORTGAGE CORPORATION
*Appellee.*

### APPELLEE'S RESPONSE TO APPELLANTS' MOTION FOR LEAVE TO FILE NOTICE

Appellee JPMorgan Chase Bank, N.A., successor servicer to EMC Mortgage LLC, formerly known as EMC Mortgage Corporation files this Response to Appellants' Motion for Leave to File Notice and would respectfully state as follows:

1. This case has been fully briefed with Appellants' Brief, Appellee's Brief and Appellants' Reply since December 12, 2014. Now, over five months later, Appellants file a motion seeking to file "additional authority." However, the materials Appellants seek to file do not constitute additional authority. Instead, the materials are (1) a copy of an unreported decision from a federal district court in Pennsylvania, a case previously cited by Appellants in their Reply Brief, and (2) an amicus curiae brief filed in an appeal in the Third Circuit regarding the impact of

1

the MERS recording system under Pennsylvania law. There is no basis for filing either of these materials as "additional authority" in this case involving the application of Texas law.

2.     The *Montgomery County v. Merscorp* case is irrelevant to the issues before the Court in this appeal. *Montgomery County* involves a suit by a Pennsylvania county to recover recording fees it has allegedly lost as the result of the MERS recording system. As noted by Appellants' in their Reply Brief, similar suits were filed in Texas on behalf of Texas counties. *Appellants' Reply Br.*, p. 27, n. 5. Though Appellants seek to provide the Court with a copy of the *Montgomery County* case as "additionally authority," they have not sought to update the Court regarding the status of the Texas cases where this issue has been raised. Perhaps that is because Texas counties have been unsuccessful in recovering recording fees allegedly lost as a result of the MERS recording system. *Dallas County, Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 941-42 (N.D. Tex. 2014) (denying claims premised on section 192.007 of the Texas Local Government Code because the statute does not "require[] recordation of interim instruments, such as assignments of deeds of trusts."); *see also Welborn v. Bank of New York Mellon Corp.*, 557 Fed. Appx. 383, 387 (5th Cir. 2014) (cited as *El Paso v. Bank of America* in footnote 5 of Appellants' Reply Brief, denying RICO claims asserted by Texas counties regarding the MERS recording system).

3. In addition, the amicus curiae brief filed in the appeal of the *Montgomery County* case is not "authority" and is not relevant to the issues presented in this appeal. Allowing a party to file an amicus curiae brief filed in another matter allows the party to avoid page and line limitations. In addition, where the brief is not prepared for the appeal in which it is sought to be filed, it is not tailored to address the issues actually raised in the appeal. The amicus brief was prepared to address Pennsylvania law, and does not take into account any of the Texas cases that have considered and upheld the validity of a MERS assignment. As a result, the amicus brief is not likely to aid the Court in its consideration of this appeal. Instead, it is more likely that the brief will only cloud and confuse the issues.

4. In this appeal, the validity of the MERS assignment is not a central issue. Instead, because the summary judgment evidence established that the entity seeking to foreclose is in possession of the original Note endorsed specifically, it is not necessary to establish standing to foreclose solely through a MERS assignment of the Deed of Trust. The issues discussed in the *Montgomery County* amicus curiae brief simply have no impact on the issues actually presented by the facts of this case.

WHEREFORE, PREMISES CONSIDERED, Appellee JPMorgan Chase Bank, N.A., successor servicer to EMC Mortgage LLC, respectfully requests that Appellants' Motion for Leave to File Notice be denied.

Respectfully submitted,

*/s/ Marcie L. Schout*

MARCIE L. SCHOUT
Texas Bar No. 24027960
mschout@qslwm.com
WM. LANCE LEWIS
Texas Bar No. 12314560
llewis@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

On May 28, 2015, I served a copy of the foregoing motion on counsel for Appellants via facsimile:

*VIA FACSIMILE (512) 853-4098*
Stephen Casey
Casey Law Office, P.C.
595 Round Rock West Drive
Suite 102
Round Rock, Texas 78681
*Attorney for Appellants.*


<u>/s/ Marcie L. Schout</u>
Marcie L. Schout